UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| WILLIAM J. R. EMBREY, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 15-CV-58-HRW |
| | ) |
| v. | ) |
| | ) |
| JODIE L. SNYDER-MORRIS, | ) **MEMORANDUM OPINION** |
| *Warden*, | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner William J. R. Embrey, is an inmate confined by the Bureau of Prisons in the Federal Correctional Institution-Ashland, located in Ashland, Kentucky. Embrey has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1], challenging the enhancement of his federal sentence under the Armed Career Criminal Act ('ACCA'), 18 U.S.C.A. § 924(e)(2)(B)(ii). Embrey has paid the $5.00 filing fee. [D. E. No. 1-3]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Embrey is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Embrey's factual allegations as true and liberally construes his legal claims in his favor.

1

The Court has reviewed Embrey's petition but for the reasons set forth below, determines that that it cannot grant the relief which Embrey seeks, *i.e.*, an order granting him relief from the 262-month federal sentence which he is serving.

## EMBREY'S LITIGATION HISTORY

Embrey has three federal convictions, which are summarized below:

**First Conviction**: On December 4, 1968, in Muskogee County, Oklahoma, Embrey robbed the Webbers Falls State Bank, insured by the Federal Deposit Insurance Corporation, taking $793.00. In 1969, a grand jury in the United States District Court for the Eastern District of Oklahoma charged him with one count of violating 18 U.S.C. § 2113(a), the Federal Bank Robbery Act ("FBRA"). A jury convicted Embrey and he was sentenced to an eight-year prison term that was to run consecutively to a separate state sentence ("the First Bank Robbery Sentence"). Embrey began serving the First Bank Robbery Sentence on May 19, 1972, after completing service of his state sentence.[1]

**Second Conviction**: In 1980, shortly after completing service of the First Bank Robbery Sentence, Embrey and an accomplice, both armed, forced a Missouri banker to withdraw $11,000 from his bank, and then fled across a state line taking the banker along as a hostage. A federal jury in Missouri convicted Embrey of armed bank robbery under the FBRA, and of kidnapping under the Federal Kidnapping Act ("FKA"), 18 U.S.C. § 1201(a)(1), and Embrey

---

[1] On October 6, 2006, Embrey filed a petition for writ of *coram nobis* in federal court in Oklahoma, collaterally challenging the First Bank Robbery Sentence. The district court dismissed the petition, Embrey appealed, and the Tenth Circuit affirmed the dismissal, finding that Embrey could have raised his claims in his original criminal proceeding, on direct appeal, or by post-conviction motion, but that he failed to do so. *Embrey v. United States*, 240 F. App'x 791, 795 (10th Cir. 2007).

2

received to two consecutive twenty-year prison terms, one for each conviction. *United States v. William J R. Embrey*, No. 3:1980-CR-05011(W. D. Mo.) ('the Second Bank Robbery Sentence').[2]

**Third Conviction**: In 1998, Embrey was indicted in a Missouri federal court for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Embrey pleaded guilty and on May 1, 2000, he was sentenced to a 262-month prison term, plus a five-year supervised release term. *United States v. William J. R. Embrey*, No. 6:98-CR-3095 (W. D. Mo. 1998) ('the Firearm Conviction').[3] The Firearm Conviction was affirmed on direct appeal. *United States v. Embrey*, 250 F.3d 1181 (8th Cir. 2001).

Embrey then filed numerous motions in the Missouri district court seeking relief from the Firearm Conviction and his sentence under 28 U.S.C. § 2255, but he was unsuccessful in all of his efforts. *See Embrey v. United States*, No. 01-1040-CV-W-3-P (W.D. Mo. 2001) (relief denied on Mar. 5, 2002; three separate appeals dismissed on Dec. 5, 2003); *Embrey v. United States*, No. 04-3246-CV-S-ODS-P (W. D. Mo. 2004) (relief denied on Aug. 3, 2004; certificate of appealability denied and appeal dismissed on May 31, 2005); *Embrey v. United States*, No. 13-3287-ODS (W.D. Mo. 2013) (relief denied on Aug. 16, 2013, based on the lack of a certificate of appealability from the Eighth Circuit Court of Appeals).

---

[2] Embrey filed a motion to set aside the Second Bank Robbery Conviction under 28 U.S.C. § 2255, arguing that his conviction under the FKA was illegal because all of his unlawful activities had been violations of the FBRA, which Congress intended as the comprehensive statute providing the punishment for his crimes, to the exclusion of all other possibly applicable federal statutes. The district court rejected the petition on the merits, but on appeal a panel of the Eighth Circuit reversed that judgment. *Embrey v. Hershberger*, 106 F.3d 805 (8th Cir.1997). However, the Eighth Circuit subsequently voted to consider the case *en banc*, vacated the panel's judgment, and affirmed the judgment of the district court on December 17, 1997. *Embrey v. Hershberger*, 131 F.3d 739, 741–42 (8th Cir. 1997).

[3] Because the Embrey's criminal proceedings predated the advent of PACER, the federal judiciary's on-line database, the Court is unable to electronically access many of the orders, motions, and other filings in any of his cases, including the Missouri federal criminal proceeding which resulted in the Firearm Conviction. Thus, this Court is unable to ascertain much information about the specifics of the Firearm Conviction other than what is publically available through Westlaw or court filings which are accessible through PACER.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Embrey states that based on his two prior bank robbery convictions, the Missouri district court enhanced his sentence stemming from the Firearm Conviction, pursuant to the residual clause of the ACCA, found in 18 U.S.C. § 924(e)(2)(B)(ii). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a violent felony. *See* 28 U.S.C. § 924(e)(1) (discussing punishment for § 922(g) offenders). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The last clause of that statute, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the residual clause.

Embrey asserts that absent the application of the ACCA's residual clause, he would and should have received no more than a 120-month (ten-year) sentence on the Firearm Conviction, but that after considering his two prior felony convictions under the ACCA's residual clause, the district court instead sentenced him to a 262-month (almost twenty-two year) prison term on the Firearm Conviction. Embrey now seeks relief in this Court pursuant to 28 U.S.C. § 2241, arguing that he should be resentenced and/or released from custody in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

*Johnson* addressed the constitutionality of the residual clause of the ACCA, holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

Case: 0:15-cv-00058-HRW Doc #: 2 Filed: 09/02/15 Page: 5 of 11 - Page ID#: 34

Embrey contends that because his 262-month sentence was based on the residual clause of the ACCA, and because the Supreme Court has now held in *Johnson* that the residual clause is unconstitutionally vague, his sentence violates the U.S. Constitution's guarantee of due process. Embrey further contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions such as his, and that accordingly, he is entitled to immediate relief from his sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Embrey is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which fall

5

under the purview of § 2241. Instead, Embrey contends that his sentence, which was enhanced under the ACCA's residual clause, violates his due process constitutional rights, and that based on *Johnson*, he should be resentenced without the enhancement and/or released from federal custody.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.[4] "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Clearly, *Johnson* was not decided until June 26, 2015, long after Embrey filed his first § 2255 motion in the Missouri district court, but a federal prisoner proceeding under § 2241 can implicate the savings clause of § 2255 only if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). A petitioner may only pursue an actual innocence claim under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).

As to establishing an actual innocence claim, Embrey faces an obstacle: the Sixth Circuit has never extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his *sentence*; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v.*

---

[4] The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).

6

*Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim."); *see also, Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying § 2241 petition in which federal prisoner challenged only his enhanced sentence).

Here, Embrey is not challenging his underlying § 922(g) conviction for being a felon-in-possession of a firearm; he instead challenges his 262-month *sentence*. Put another way, Embrey contends that he is now serving almost a 22-year sentence instead of a 10-year sentence, and that based on *Johnson*, that excessive sentence should be set aside. Because Embrey asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their *sentences*, Embrey has not set forth a valid actual innocence claim that is cognizable under § 2241. Therefore, his § 2241 petition must be dismissed.

*Johnson* was decided very recently, and the Court's research as of August 14, 2015, does not reveal a case in which the Sixth Circuit has addressed *Johnson* in the context of a § 2241 petition and/or elaborated as to whether *Johnson* applies retroactively to final convictions or to cases on collateral review. As of August 14, 2015, the Sixth Circuit has reversed and remanded

7

several criminal sentences based on *Johnson*, but those cases were in various stages of *direct appeal*, not collateral review of an already final conviction.

In *United States v. Bell*, ---F. App'x---, 2015 WL 4746360 (Aug. 12, 2015) the district court sentenced Bell to 180 months of imprisonment as an armed career criminal under the residual clause of the ACCA, based on three prior convictions: one for aggravated robbery and two for aggravated assault. *Id.* at *1. The Sixth Circuit affirmed both the district court's determination that Bell's prior conviction for aggravated assault qualified as a violent felony and the 180-month sentence imposed; Bell filed a petition for rehearing *en banc*, which the Sixth Circuit denied. *Id.* Bell then filed a petition for a writ of *certiorari*, and the Supreme Court granted it, vacated the Sixth Circuit's judgment, and remanded the case to the district court for further consideration in light of *Johnson*. *Id.*

On August 12, 2015, the Sixth Circuit reversed and remanded Bell's ACCA-enhanced sentence, stating, "Aggravated assault is not one of the enumerated offenses listed in the ACCA.. In light of *Johnson*'s holding that the residual clause is unconstitutionally vague, Bell's aggravated assault conviction no longer qualifies as a violent felony" *Id.* at *2. Again, Bell's case was in direct appeal status, not collateral review status.

In *United States v. Franklin*, --- F. App'x ----, 2015 WL 4590812 (6th Cir. July 31, 2015), the Sixth Circuit affirmed Franklin's underlying drug convictions, but reversed and remanded his 360-month sentence based on *Johnson*. *Id.* at *11. The Sixth Circuit stated that based on Franklin's prior convictions for attempted burglary and felony evading arrest, the district court had determined that he was an armed career criminal under ACCA's 'now defunct' residual

8

sentence and United States Sentencing Guideline § 4B1.4. *Id.* Based on *Johnson*, the Sixth Circuit vacated Franklin's sentence and remanded to the district court for re-sentencing.

In *United States v. Bilal,* --- F. App'x ----, 2015 WL 4568815 (6th Cir. July 29, 2015), the Sixth Circuit reversed and remanded Bilal's enhanced sentence based on *Johnson*, explaining that Bilal's 1995 conviction for attempted aggravated robbery was not one of the specific violent felony offenses enumerated in § 924 (e)(2)(B)(ii); that it qualified as a violent felony only through the ACCA's residual clause; and that the Supreme Court had since determined (in *Johnson*) that the ACCA's residual clause violates the U.S. Constitution's guarantee of due process because it is unconstitutionally vague. *Id.,* at *1. However, in doing so, the Sixth Circuit noted that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Id.,* (citing *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987)).

The Sixth Circuit's use of the qualifying phrase describing cases that are "on direct review or not yet final" in *Bilal* creates an issue as to whether *Johnson* applies retroactively to convictions which have become final, such as Embrey's conviction, and to cases which are on collateral review. To the extent that Embrey contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions, and/or to sentences which are being challenged through collateral means, Embrey is not without a remedy: he can pursue his *Johnson* sentence challenge in the Missouri district court which imposed his 262-month sentence on the Firearm Conviction, through the mechanism of a successive § 2255 motion. To proceed in that manner, Embrey must of course first seek and obtain permission from the Eighth Circuit Court of Appeals to file a successive § 2255 motion (based on *Johnson*) in the Missouri

district court. If the Eighth Circuit interprets *Johnson* as a new substantive rule of constitutional law that applies retroactively to cases which have become final, and/or which are proceeding on collateral review,[5] Embrey can bring his retroactive *Johnson* sentencing challenge in the Missouri district court where he was originally sentenced on the Firearm Conviction.

At least one district court in Illinois has recently taken a similar approach when faced with a § 2241 petitioner using *Johnson* to challenging his sentence, which had been enhanced under the residual clause of the ACCA. *In Cockrell v. Kreuger*, No. 1:15-CV-01279, 2015 WL 4648029 (C. D. Ill., Aug 5, 2015), the Illinois district court held that because *Johnson* qualified as a new substantive rule of constitutional law,[6] Petitioner Cockrell should bring his sentence challenge under 28 U.S.C. § 2255 rather than through a habeas petition filed under 28 U.S.C § 2241, but that even in light of *Johnson*, Cockrell could not challenge his ACCA-enhanced sentence in a § 2241 habeas proceeding. *Id.* at *2-3. The district court explained that Cockrell could proceed in the sentencing court under § 2255 by asking the Seventh Circuit court to Appeals for permission to file a second or successive petition based on Johnson. *Id.* at *3. ("Section 2255 provides a limited remedy--second or successive petitions are appropriate when the appropriate court of appeals certifies that it contains 'a new rule of constitutional law, made

---

[5] For a second or successive motion under 28 U.S.C. § 2255 to be considered by a district court, a panel of the appropriate court of appeals must first certify that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244. On this requirement, "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478 (2001).

[6] The Illinois district court cited *Price v. United States*, No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015), in support of its decision that Cockrell should assert his *Johnson* challenge in the sentencing court under § 2255. The district court noted that in *Price*, the Seventh Circuit Court of Appeals held that *Johnson* announces a new substantive rule of constitutional law that the Supreme Court has made categorically retroactive to final convictions. *Cockrell*, 2015 WL 4648029, at *2.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255(h)(2).")

For the reasons set forth above, Embrey has not demonstrated that he is actually innocent of the 28 U.S.C. § 922(g) firearm offense of which he was convicted. Because Embrey is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner William J. R. Embrey's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate Judgment; and

3. This 28 U. S. C. § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This September 2, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**